1998-NMCA-114

964 P.2d 144

**In the Matter of ZAC McV., a Child, Child–Appellant.**

**No. 18755.**

Court of Appeals of New Mexico.

June 11, 1998.

Certiorari Denied Aug. 13, 1998.

Phyllis H. Subin, Chief Public Defender, Lisabeth L. Occhialino, Assistant Appellate Defender, Santa Fe, for Appellant.

Tom Udall, Attorney General, M. Victoria Wilson, Assistant Attorney General, Santa Fe, for Appellee.

## OPINION

DONNELLY, Judge.

{1} This case poses the issue of whether the children's court has jurisdiction to modify a prior disposition and commitment, pursuant to a motion filed by the Child several months after the court had found the child to be delinquent and had transferred his custody to the Children, Youth, and Families Department (the CYFD). We conclude that under the circumstances presented here, the children's court is without authority to modify its prior disposition and commitment, and thus, affirm.

### FACTS AND PROCEDURAL POSTURE

{2} In a prior proceeding, the Child admitted to the delinquent act of carrying a firearm onto school property. *See* NMSA 1978, § 30-7-2.1(A), (C) (1994) (designated as a fourth-degree felony); NMSA 1978, § 32A-2-3(A)(1)(k) (1996) ("delinquent act" includes all felony offenses). On May 8, 1996, the children's court by judgment and disposition found the Child to be delinquent, committed the Child to the New Mexico Youth Diagnostic and Development Center for one year, but suspended the commitment and placed the Child on supervised probation for two years. On February 27, 1997, the Child tested positive for the use of marijuana and cocaine and, on March 11, 1997, the Child was arrested for shoplifting two packs of cigarettes while violating house arrest.

{3} The State moved to revoke the Child's probation, and following a hearing the Child admitted violating probation. On April 8, 1997, the children's court entered its judgment and disposition (corrected by amendment on June 9, 1997), found that the Child needed care or rehabilitation, transferred his legal and physical custody to the CYFD, and ordered that the Child be committed to the New Mexico Boys' School for an indeterminate period not to exceed two years.

{4} On August 4, 1997, the Child filed a motion for the children's court to reconsider the commitment because he alleged that he had been victimized and abused at the Springer facility. The Child also asserted that the commitment was too harsh a penalty for the probation violation of shoplifting. The children's court concluded that it had no jurisdiction over the matter because the Child's motion to modify was filed beyond the thirty-day period specified in NMSA 1978, § 32A-2-23(G) (1995) (Subsection G), and consequently it denied the motion.

### DISCUSSION

{5} We review the ruling of the children's court de novo to determine whether as a matter of law the Delinquency Act provisions, NMSA 1978, §§ 32A-2-1 to -32 (1993, as amended through 1996), contained in the Children's Code (the Code), NMSA 1978, §§ 32A-1-1 to -21-7 (1993, as amended through 1997), invest the children's court

with the authority to grant the requested relief. *See State v. Rowell,* 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995) (statutory construction presents question of law); *see also State v. Carlos A.,* 1996–NMCA–082, ¶ 6, 122 N.M. 241, 923 P.2d 608 (construing the Code de novo).

{6} The Child maintains that the children's court is invested with jurisdiction under the provisions of Section 32A–2–23(F) (Subsection F) to reconsider its original disposition even after the expiration of the thirty-day period for filing an appeal or moving for reconsideration. *See* Rule 10–230(C) NMRA 1998; Rule 12–201(A) NMRA 1998. Section 32A–2–23 provides, in pertinent part:

> A. A judgment transferring legal custody of an adjudicated delinquent child to an agency responsible for the care and rehabilitation of delinquent children divests the court of jurisdiction at the time of transfer of custody, unless the transfer of legal custody is for a commitment not exceeding fifteen days pursuant to the provisions of Section 32A–2–19[ (B)(4) ] . . . .
>
> . . . .
>
> D. Prior to the expiration of a long-term commitment, as provided for in Section 32A–2–19 NMSA 1978, the court may extend the judgment for additional periods of one year until the child reaches the age of twenty-one if the court finds that the extension is necessary to safeguard the welfare of the child or the public interest.
>
> . . . .
>
> F. The court may dismiss a motion if it finds after preliminary investigation that the motion is without substance. If the court is of the opinion that the matter should be reviewed, it may, upon notice to all necessary parties, proceed to a hearing in the manner provided for hearings on petitions alleging delinquency. The court may terminate a judgment if it finds that the child is no longer in need of care, supervision or rehabilitation or it may enter a judgment extending or modifying the original judgment if it finds that action necessary to safeguard the child or the public interest.
>
> G. A child may make a motion to modify a children's court or adult disposition

within thirty days of the judge's decision. If the court is of the opinion that the matter should be reviewed, it may, upon notice to all necessary parties, proceed to a hearing in the manner provided for hearings on petitions alleging delinquency.

{7} The Child also contends that the meaning of Subsection F is ambiguous, necessitating that we discern the legislative intent underlying the enactment of this provision. *See Rowell,* 121 N.M. at 114, 908 P.2d at 1382 (to give effect to intent of Legislature, courts look to objectives of statute and wrong sought to be remedied). As provided in Section 32A–2–2(A), the purpose of the Delinquency Act is to protect "the public interest, to remove from children committing delinquent acts the adult consequences of criminal behavior, but to still hold children . . . accountable for their actions to the extent of the child's age, education, mental and physical condition, background and all other relevant factors, and to provide a program of supervision, care and rehabilitation. . . ." Additionally, the Act is intended "to provide effective deterrents to acts of juvenile delinquency[.]" Section 32A–2–2(B).

{8} The Child maintains that in enacting Subsection F, the Legislature intended that the children's court retain jurisdiction over delinquent children placed in the custody of the CYFD in order to monitor whether such children are being provided with an appropriate program of supervision, care, and rehabilitation. *See* § 32A–2–2(A); *State v. Jonathan M.,* 109 N.M. 789, 790, 791 P.2d 64, 65 (1990). In advancing this argument, the Child argues that Subsection F was intended to permit the children's court to modify or terminate a commitment if such action is consistent with the goal of rehabilitating children previously adjudicated as delinquent. The Child posits that consistent with the objectives of the Code, Subsection F is an exception to Subsections A and G which places express limits on the children's court's jurisdiction. Thus, he argues that Subsection F enables the children's court to determine whether a previously ordered commitment continues to serve the Child's best interests and, if so, whether the court should modify its prior disposition.

{9} The State agrees that the children's court has jurisdiction to modify a disposition under certain circumstances, but maintains that the circumstances presented here do not permit the court's exercise of jurisdiction. *See In re Jacinta M.*, 107 N.M. 769, 771, 764 P.2d 1327, 1329 (Ct.App.1988) (authority of children's court limited by the Code). The State asserts that the meaning of Section 32A–2–23 is plain, that "Subsection A divests the court of jurisdiction upon [the court's] transfer of custody [of the child] to CYFD, [that] Subsection F provides an exception to lack of jurisdiction, and [that] Subsection G places a limitation on the exception provided in Subsection F."

{10} We agree with the Child that the statute is ambiguous. *See Leo v. Cornucopia Restaurant,* 118 N.M. 354, 357, 881 P.2d 714, 717 (Ct.App.1994) (whether statute is ambiguous poses question of law); *State v. Elmquist,* 114 N.M. 551, 552, 844 P.2d 131, 132 (Ct.App.1992) (statute is ambiguous if reasonably well-informed persons could differ on its meaning). In resolving the issue of the meaning of Section 32A–2–23, we apply principles of statutory construction to determine the intended scope of Subsection F. To this end, we examine Section 32A–2–23 in view of the Act's legislative purpose, *see Jonathan M.,* 109 N.M. at 790, 791 P.2d at 65, and consider its provisions as a whole and in light of other related provisions within the Code. *See State v. Ricky G.,* 110 N.M. 646, 648, 798 P.2d 596, 598 (Ct.App.1990) (considering context in determining meaning of dispositional provision of the Code); *State v. Henry L.,* 109 N.M. 792, 794, 791 P.2d 67, 69 (Ct.App. 1990) (Code to be construed as a whole to effectuate legislative objective).

{11} The Child, relying on *Jonathan M.,* 109 N.M. at 790, 791 P.2d at 65, and *Carlos A.,* 1996–NMCA–082, 122 N.M. 241, 923 P.2d 608, asserts that the function of the children's court is to fashion a remedy for the delinquent child that benefits both the child and society. In *Carlos A.,* 1996–NMCA–082, ¶¶ 10, 13, 122 N.M. 241, 923 P.2d 608, the children's court, without objection from either party, expressly reserved jurisdiction to hear the child's motion to modify a commitment well beyond expiration of the thirty-day

period for filing motions to reconsider as prescribed in Subsection G. There, however, the child moved for reconsideration of the commitment within the specified thirty-day period, and the children's court, in its initial commitment, announced that any future modification would be based on the child's intervening behavior. *Id.* ¶ 13. This Court determined that under those circumstances, the children's court had jurisdiction to entertain and act on the motion even though the procedure may have deviated from the statutory scheme. *See id.* ¶ 15.

{12} When the disposition of the children's court involving a delinquent child has resulted in a commitment, and the court transfers legal custody to the CYFD, the commitment is "subject to limitations and modifications set forth in Section 32A–2–23 NMSA 1978." *See* § 32A–2–19(B)(2). Subsections F and G permit the children's court to exercise jurisdiction after the transfer of custody to the CYFD in specific situations. Thus, we agree with the Child that Subsections F and G are exceptions to the general rule spelled out in Section 32A–2–23(A) which provides that the children's court loses jurisdiction when it transfers custody of the child. *See Carlos A.,* 1996–NMCA–082, ¶ 12, 122 N.M. 241, 923 P.2d 608.

{13} The central question then becomes whether the exceptions delineated in Subsections F and G would enable the children's court to exercise jurisdiction under the circumstances presented here. We conclude that Subsection F does not extend the children's court's jurisdiction to hear the motion in this case because the motion to modify the commitment was not filed within thirty days of the court's decision as prescribed in Subsection G. Although the children's court may make a recommendation to the CYFD concerning the Child's placement, the Code explicitly provides that once legal custody is transferred, the CYFD becomes responsible for the Child's care and rehabilitation, and the CYFD is to determine the appropriate placement, supervision, and rehabilitation program for the Child. *See* § 32A–2–19(B)(2); *Health & Soc. Servs. Dep't v. Doe,* 91 N.M. 675, 677, 579 P.2d 801, 803 (Ct.App. 1978).

{14} Reading the several provisions of Section 32A–2–23 together, and in light of the stated purposes of the Code, we conclude that the Legislature intended that Subsection F apply to motions filed by the children's court or the CYFD to modify commitments previously ordered by the court. In contrast to the provisions of Subsection F, Subsection G specifically relates to motions for modification filed by the Child. Under Subsection F, the CYFD, as the legal custodian of the child, is authorized to file motions for modification of commitments, or the CYFD may ask the children's court in appropriate cases to extend or to terminate the CYFD's legal responsibility for the child.

{15} This Court has previously determined that the Code does not authorize the children's court to exercise authority over the terms and conditions of the delinquent child's supervision and rehabilitation once the court transfers custody to the CYFD. *See In re Jacinta M.,* 107 N.M. at 771, 764 P.2d at 1329; *see also* § 32A–7–8(A) (investing Juvenile Parole Board with authority to consider granting parole "after the entry of a judgment transferring legal custody to an agency for the care and rehabilitation of delinquent children"); Section 32A–2–23(A)(1) (after entry of judgment transferring legal custody of adjudicated delinquent child to CYFD, Juvenile Parole Board "has the exclusive power to parole or release the child"). Under Section 32A–2–23, as amended by the Legislature following this Court's decision in *In re Jacinta M.,* the children's court is empowered with authority to modify a commitment order when there is evidence that the commitment is no longer needed, or is needed for a longer period of time, because these modifications further the stated purposes of the Code. We do not believe, however, that the Legislature, in enacting Section 32A–2–23 and the amendments thereto, intended to authorize the children's court to entertain a motion by a child to terminate a commitment filed more than thirty days after it has transferred custody of the child to the CYFD.

{16} Our reading of Subsection G is consistent with long-standing law that absent statutory law or a rule to the contrary, final judgments and decrees of the district courts remain under their control for thirty days after entry, or for such further time as may be necessary to enable the court to rule on a motion filed during those thirty days. *See* NMSA 1978, § 39–1–1 (1917); *State v. Neely,* 117 N.M. 707, 708 n. 1, 876 P.2d 222, 223 n. 1 (1994).

{17} In sum, we conclude that Subsection F does not confer jurisdiction on the children's court to consider the Child's motion under the facts existing here because such consideration of the motion exceeds the scope of the court's authority as provided in Subsection G. The Child's motion is in the nature of a motion for reconsideration, and thus must be filed within thirty days of the children's court's disposition. *See* § 32A–2–23(G).

{18} We appreciate the serious nature of the Child's allegations of abuse. The Child's remedy, however, is not under Section 32A–2–23(G). Section 32A–4–3(A) of the Abuse and Neglect Act, §§ 32A–4–1 to –4–33, however, imposes a duty upon physicians, law enforcement officers, school teachers, or school officials, acting in their official capacities, or judges "presiding during any proceeding," who have reasonable suspicions that a child has been sexually or physically abused or neglected, to report the matter immediately to a local law enforcement agency and the CYFD office in the county where the child resides. We think it is clear that the terms "school teachers" and "school officials," as utilized in Section 32A–4–3(A) include teachers and officials at the New Mexico Boys' School. *See Giangreco v. Murlless,* 1997–NMCA–061, ¶ 8, 123 N.M. 498, 943 P.2d 532 (in interpreting and applying statute, court looks to plain meaning of language as well as legislative purpose sought to be achieved). Under Section 32A–4–3(C), the recipient of a report required to be filed pursuant to Section 32A–4–3(A) is required to

take immediate steps to ensure prompt investigation of the report. The investigation shall ensure that immediate steps are taken to protect the health or welfare of the alleged abused or neglected child, as well as that of any other child under the

same care who may be in danger of abuse or neglect. . . .

Subsection D of Section 32A–4–3 further provides that:

If the child alleged to be abused or neglected is in the care or control of or in a facility administratively connected to the department, the report shall be investigated by local law enforcement. The investigation shall ensure that immediate steps are taken to protect the health or welfare of the alleged abused or neglected child, as well as that of any other child under the same care who may be in danger of abuse or neglect.

*CONCLUSION*

{19} We conclude that Section 32A–2–23(F) does not authorize the children's court to modify a commitment based on a motion to reconsider that was not filed within the time period specified in Section 32A.2–23(G). The children's court's order denying the motion is affirmed.

{20} IT IS SO ORDERED.

APODACA and ARMIJO, JJ., concur.