2002-NMCA-076

50 P.3d 574

**In the Matter of MICHAEL L., a Child, Respondent–Appellee.**

**No. 22,174.**

Court of Appeals of New Mexico.

May 30, 2002.

Certiorari Denied, No. 25,567, July 10, 2002.

Patricia A. Madrid, Attorney General, M. Victoria Wilson, Assistant Attorney General, Santa Fe, NM, for Appellant.

Phyllis H. Subin, Chief Public Defender, Kathleen T. Baldridge, Assistant Appellate Defender, Santa Fe, NM, for Appellee.

## OPINION

CASTILLO, Judge.

{1} Once again we are asked to review the effect of Rule 10–230.1(B) NMRA 2002 on an order entered more than ninety days after the filing of the motion to reconsider a child's disposition under the Children's Code. In this case, the children's court invited the motion to reconsider, told the child that reconsideration would occur if three conditions were met, and included the conditions in the disposition order. Further, there was no showing that the Child was less than diligent in obtaining the information necessary for determination, and the State does not contest on appeal that the conditions were met. Accordingly, we affirm.

## BACKGROUND

{2} In September 1999 Michael L. (Child) admitted shoplifting and the children's court entered a consent decree placing Child on probation for six months. Child failed to abide by the terms of his probation. After the filing of several petitions to revoke probation, Child admitted to committing unauthorized graffiti, other charges were dropped, and Child's probation was increased to two years. Child then violated his conditions of probation by failing to obey curfew restrictions and attend counseling. The State filed another petition to revoke Child's probation; Child admitted the charges and the children's court ordered commitment for a diagnostic evaluation.

{3} At Child's dispositional hearing held on September 1, 2000, the children's court revoked Child's probation and entered judgment and disposition (original Order) transferring custody of Child to the Children Youth and Family Department (CYFD) for a period not to exceed two years. However, during the hearing on disposition, the children's court told Child that it would reconsider Child's disposition if his parents engaged in therapy, if he were accepted into a structured program such as the Juvenile Intensive Probation Supervision Program (JIPS), and if Child performed well in custody. The children's court judge made two handwritten notations on the original Order. The first indicated that "Reconsideration is invited in consideration of parent's involvement in the therapy and JIPS acceptance." The second listed the necessary condition. Child filed a motion to reconsider within thirty days from the dispositional hearing. Over the State's

procedural objection, the children's court granted the motion and modified the original Order by placing Child in JIPS for a period not to exceed two years (JIPS Order). The children's court also ordered a "no tolerance" probation, made the parents parties and required family and parental counseling, all of which are contained in the JIPS Order. The State does not appeal that Child and his parents met the conditions listed in the original Order.

## DISCUSSION

{4} The State makes one argument: the children's court lost jurisdiction to decide the Child's motion to reconsider because Rule 10–230.1(B) deems the motion denied if not determined within ninety days after the date it is filed. While we agree with the State as to child-initiated motions authorized by NMSA 1978, § 32A–2–23(G) (1995), *State v. In re Christobal V.*, 2002–NMCA–077, 132 N.M. 569, 50 P.3d 474, (Ct.App.2002)), we hold otherwise as to motions initiated or invited by the children's court.

{5} Child relies on Rule 10–117 NMRA 2002 and argues that because the children's court invited the motion to reconsider, the court had the discretion to complete its review after the ninety days had passed. Rule 10–117 does not apply directly to this case. It deals primarily with dismissals and by its terms states that, absent special circumstances, failure to observe time limits is *not* grounds to modify a judgment. Here the children's court modified the judgment despite the time limit set forth in Rule 10–230.1(B).

{6} Child also argues that Section 32A–2–23(G) conflicts with Rule 10–231.1(B) and, therefore, the Rule is not authorized by the statute. There is no conflict between Section 32A–2–23(G) and Rule 10–230.1(B). *See In re Christobal V.*, 2002–NMCA–077, ¶ 10. Because we hold that the Rule's ninety-day time limit does not apply to court-initiated motions to reconsider, we affirm on that basis. *State v. Wilson*, 1998–NMCA–084, ¶ 17, 125 N.M. 390, 962 P.2d 636 (holding that an appellate court can uphold a trial court's decision if it is right for any reason).

{7} We review construction of children's court rules and statutes de novo. *State v. Muniz*, 2000–NMCA–089, ¶ 7, 129 N.M. 649, 11 P.3d 613; *State v. Carlos A.*, 1996–NMCA–082, ¶ 6, 122 N.M. 241, 923 P.2d 608. Before we address the effect of Rule 10–230.1(B), we look to the statutes governing dispositional proceedings, specifically Section 32A–2–23. Subsection (A) of this statute divests the children's court of jurisdiction when the court transfers custody of the Child to the responsible agency. Subsections (F) and (G) set out exceptions to the general rule spelled out in Subsection (A). *In re Zac McV.*, 1998–NMCA–114, ¶ 12, 125 N.M. 583, 964 P.2d 144. Subsection (F) applies to motions invited by the children's court or initiated by the State, while Subsection (G) specifically relates to motions initiated by a child. *Id.*

{8} Child filed a written motion requesting reconsideration. The filed motion contains no reference to Subsection (F). Although the motion refers to Subsection (G), given its context we consider it to be the memorialization of the children's court invitation to reconsider Child's disposition as stated during the hearing and noted in the original Order. *See Carlos A.*, 1996–NMCA–082, ¶ 6, 122 N.M. 241, 923 P.2d 608 (stating that when the court invites a motion to reconsider, "the better practice is to file a written motion").

{9} Now we turn to Rule 10–230.1 which states as follows:

A. **Correction of judgment.** The court may correct an unlawful disposition at any time and may correct a commitment imposed in an unlawful manner within the time provided by this rule for the reduction of the term of commitment.

B. **Reduction of term of commitment.** A motion to modify or reconsider the judgment or disposition may be filed by the respondent within thirty (30) days after the judgment is filed. A form of order setting a hearing on the motion shall be submitted with the motion. The court shall determine the motion within ninety (90) days after the date it is filed or the motion is deemed denied.

We apply the same rules to the construction of Supreme Court rules of procedure as we

apply to statutes. *State v. Eden*, 108 N.M. 737, 739, 779 P.2d 114, 116 (Ct.App.1989). We first look to the language of the rule. Subsection (A) gives the children's court the power to correct dispositions; Subsection (B) governs motions to modify or reconsider a judgment filed by the *respondent*. In these cases, the respondent is the child. Rule 10–230.1(B) makes no reference to motions filed by the State or to court invited-motions allowed under Section 32A–2–23(F). If the rule is unambiguous, we give effect to its language and refrain from further interpretation. *State v. Jonathan M.*, 109 N.M. 789, 790, 791 P.2d 64, 65 (1990). Based on the explicit language of Rule 10–230.1(B), the ninety-day limitation period applies only to child-initiated motions.

{10} We recognize that in some cases, the child will actually file a motion to reconsider based on the children's court invitation. *See Carlos A.*, 1996–NMCA–082, ¶ 6, 122 N.M. 241, 923 P.2d 608. Because this procedure creates an arguable ambiguity, we continue our review of the rule. *See In re Zac McV.*, 1998–NMCA–114, ¶ 10, 125 N.M. 583, 964 P.2d 144 (holding that if a rule is ambiguous, we consider its purpose in conjunction with other rules). We must read the rule to effect the purpose and object of the Children's Court Rules. *See State ex rel. Helman v. Gallegos*, 117 N.M. 346, 353, 871 P.2d 1352, 1359 (1994). The stated purpose of the procedural rules for the children's court is to secure simplicity in procedure, fairness in administration, elimination of unjustifiable expense and delay, and to assure the recognition and enforcement of constitutional and other rights. Rule 10–101(B) NMRA 2002. A child has a due process right to rely upon "fairness in administration." (Internal quotation marks omitted.) *State v. Doe*, 94 N.M. 446, 448, 612 P.2d 238, 240 (Ct.App.1980). In this case, Child was entitled to rely on the statements of the children's court that if the conditions set out in the original Order were met, the court would reconsider Child's disposition. *See Hayes v. State*, 106 N.M. 806, 808, 751 P.2d 186, 188 (1988) (holding that defendant is entitled to rely on trial court's assurance that motion to modify sentence would be heard);

*Carlos A.*, 1996–NMCA–082, ¶ 12, 122 N.M. 241, 923 P.2d 608 (holding where court expressly reserved right to modify child's sentence at future time and State did not object, children's court retained jurisdiction to modify sentence). Whenever the children's court invites reconsideration setting out the conditions that must be met, the child is entitled to and believes that, if the conditions are met, reconsideration will occur. Child-initiated motions, on the other hand, create no special expectation that the disposition will be modified. Consequently, we hold that the ninety-day time limitation set out in Rule 10–230.1(B) is intended to apply only to child-initiated motions, as the language of the Rule indicates. Motions initiated by the children's court or the State remain under the control of the children's court for "thirty days after entry, or for such further time as may be necessary to enable the court to rule on a motion filed during those thirty days." *In re Zac McV.*, 1998–NMCA–114, ¶ 16, 125 N.M. 583, 964 P.2d 144.

{11} The final question remains: How long may the children's court take to determine State or court-initiated motions? The children's court has at least the ninety-day time period allowed for child-initiated motions under Rule 10–230.1(B). Any time past the ninety days must be reasonable in light of the circumstances of the particular case. *Carlos A.*, 1996–NMCA–082, ¶ 15, 122 N.M. 241, 923 P.2d 608.

{12} In this case, the children's court made its determination 146 days after the motion to reconsider was filed and 166 days after the original Order was entered. Rule 5–801 NMRA 2002 allows adult criminal offenders ninety days to file a motion to reconsider and ninety days for determination, for a total period of up to 180 days after entry of judgment. The State does not dispute that Child was diligent in gathering the needed information. On October 2, 2000, at Child's request, the children's court signed an order allowing Child's attorney to obtain information from CYFD about Child's behavior and progress. Request for a setting was

filed on January 19, 2001, and the hearing was held almost a month later, on February 14, 2001. Under the circumstances of this case, we hold that 146 days from date of filing and 166 days from date of the dispositional hearing is reasonable. Because the period of time allowed to determine a court-invited motion turns on the specific facts of a case, and a determination of reasonableness, we recommend that children's attorneys gather the necessary information and make a documented effort to have the motion determined within ninety days of the original disposition and, if necessary, document the reasons why the motion is not determined within the ninety-day period.

**CONCLUSION**

{13} Based on the foregoing, we affirm the children's court order granting reconsideration of Child's disposition.

{14} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Judge, and A. JOSEPH ALARID, Judge.