2007-NMCA-114

166 P.3d 1121

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**DYLAN A., Child–Appellee.**

No. 26,283.

Court of Appeals of New Mexico.

June 20, 2007.

Certiorari Granted, No. 30,539, Aug. 8, 2007.

Gary K. King, Attorney General, Anita Carlson, Assistant Attorney General, Santa Fe, NM, for Appellant.

John Bigelow, Chief Public Defender, Nancy M. Hewitt, Appellate Defender, Santa Fe, NM, for Appellee.

## OPINION

CASTILLO, Judge.

{1} In this appeal by the State, we consider whether the children's court had jurisdiction to reconsider Child's disposition in a delinquency proceeding when Child filed his motion to reconsider more than thirty days after the judgment and disposition was filed. The State argues that the children's court lacked jurisdiction to reconsider Child's commitment (1) because the motion to reconsider was not filed within the thirty-day time limit prescribed by Rule 10–230.1(B)(1) NMRA and (2) because once legal custody of Child was transferred to the Children, Youth and Families Department (CYFD) pursuant to the initial judgment and disposition, the children's court no longer had authority to change the placement and treatment of Child. We affirm, concluding that because the record clearly establishes that the children's court invited reconsideration of the disposition if Child was not receiving the recommended treatment for substance abuse under his commitment and because an alternative placement became available that could more effectively address his rehabilitative and treatment needs, the court retained jurisdiction to decide Child's motion to reconsider, even though it was filed more than thirty days after the original judgment and disposition was entered.

## I. BACKGROUND

{2} On June 1, 2005, Child entered into a plea agreement, admitting to the charges of driving under the influence of intoxicating liquor or drugs and possession of drug paraphernalia, but not agreeing to any disposition. After accepting the plea, the children's court ordered a fifteen-day diagnostic evaluation of Child so that it could ascertain his treatment needs given the serious nature of his substance abuse. On June 3, 2005, the children's court found that Child "is a delinquent child and is in need of care or rehabilitation" and ordered that he be committed to the custody of CYFD for a fifteen-day diagnostic evaluation.

{3} At the final disposition hearing held on June 29, 2005, the parties and the children's court discussed the report of the fifteen-day diagnostic evaluation of Child prepared by the Youth Diagnostic and Development Center. The report recommended intensive substance abuse treatment for Child and placement with Mother. However, Mother, who was present at the hearing, informed the children's court that she was unable and unwilling to take custody of Child because he had previously been out of control in her custody and because she thus did not feel comfortable or safe having him placed with her at this time. Placement with Father and other relatives was also explored but was determined not to be feasible. The children's court acknowledged that the fifteen-day diagnostic report recommended intensive treatment and counseling for Child, and agreed that Child was in need of such treatment, but expressed concern that there was no home in which to place Child if probation and treatment were ordered.

{4} The State pointed out that, if Child were sentenced to a two-year commitment, CYFD could send him to an appropriate facility for the required treatment. Although the children's court did not believe a two-year commitment would necessarily address all of Child's problems, it concluded that it had no other option but to commit Child to the custody of CYFD for a two-year period. The children's court emphasized that Child was in need of intensive, structured substance abuse treatment and that treatment was not possible other than through a commitment because there was no home in which to place Child. Because the children's court remained concerned about whether Child would receive the recommended treatment for his substance abuse, it orally invited

Child's attorney to file a motion to reconsider if some other placement for Child could be located that would more adequately address his treatment needs.

{5} On July 6, 2005, the children's court entered a judgment and disposition committing Child to the custody of CYFD for a period not to exceed two years and recommending that "Child receive any residential treatment deemed appropriate." The judgment and disposition, however, was silent on the court's invitation to reconsider Child's placement upon the condition discussed at the disposition hearing.

{6} On August 8, 2005, Child filed a motion to reconsider his disposition, thirty-three days after the original judgment and disposition was filed. The motion asserted that the children's court had "requested to hear from the Child's attorney as to whether appropriate treatment had been found" for Child. The motion further alleged that CYFD had decided to place Child "in a medium-security detention facility for juveniles" that would not meet his intensive treatment needs. Accordingly, Child requested reconsideration of his disposition and placement "in some form of rehabilitative, treatment-oriented program."

{7} The children's court held a hearing on Child's motion to reconsider on September 28, 2005. At the hearing, Child's attorney informed the court that, after approximately one month of commitment, Child had been transferred to the John Paul Taylor Center (in Las Cruces) and was awaiting placement at Camp Sierra Blanca (near Ruidoso). Counsel further informed the court that Camp Sierra Blanca was currently reconsidering whether it would accept children under commitment, or whether it would take only those on probation or parole. Counsel indicated that Child did not appear to be receiving the type of intensive treatment recommended by the court, although he now was almost two months into his commitment. As a result, Child requested that the court modify disposition by placing Child on a two-year term of probation and ordering treatment at Camp Sierra Blanca, followed by a placement with Mother. Child's attorney represented that Mother was willing to take custody of Child after his completion of the treatment program at Camp Sierra Blanca and that she was available to confirm this telephonically. The State, on the other hand, asked that Child's commitment be continued.

{8} The children's court noted that the purpose of ordering the two-year commitment was so that Child could be placed in a treatment facility by CYFD, but that he did not appear to be receiving the recommended treatment and might not in the future, based on the representations of Child's counsel. Consequently, the children's court stated that it was seriously reconsidering Child's disposition but that it did not want to change the order and still leave the child without the necessary treatment. Therefore, it asked for confirmation on whether Child would be accepted at Camp Sierra Blanca and whether Mother would take custody of Child following his treatment there.

{9} At the hearing held on October 19, 2005, the State raised for the first time its argument that the children's court lost jurisdiction to reconsider its disposition because Child's motion to reconsider was filed more than thirty days after the entry of the original judgment and disposition, contrary to Rule 10–230.1(B)(1). Because the children's court was convinced that Child was not receiving the treatment recommended by the fifteen-day diagnostic evaluation, it indicated that it was inclined to change the disposition so that Child was "guaranteed" the treatment recommended. However, it wanted to know definitively at the next hearing whether Camp Sierra Blanca would accept Child and whether Mother would take custody of Child following treatment.

{10} On October 24, 2005, the State filed a motion requesting that Child's motion to reconsider be denied on the basis that the children's court lacked jurisdiction to grant the motion. Child, on the other hand, filed a motion to accept his motion to reconsider as timely filed. He asserted in another pleading that the children's court "expressly reserved jurisdiction" and invited reconsideration if Child was not getting the recommended treatment under commitment.

{11} At the final hearing held on November 3, 2005, the children's court acknowledged that it was in error in not explicitly inviting Child's motion to reconsider in its original judgment and disposition. However, it explained that it had made it clear at the disposition hearing and in its initial judgment that it wanted Child to get the treatment recommended. It also stated that it had "clearly invited" Child's motion to reconsider if he was not receiving the appropriate treatment. Therefore, on that basis, the children's court granted Child's motion to accept the motion to reconsider as timely filed.

{12} Upon confirming that Child had a place at Camp Sierra Blanca, the children's court entered a new judgment and disposition on November 14, 2005, setting aside the prior one and placing Child on probation for an indeterminate period not to exceed two years on the condition that Child successfully complete the rehabilitation program at Camp Sierra Blanca and any "aftercare" with Mother as directed by the Juvenile Probation Office. This appeal by the State followed.

## II. DISCUSSION

### A. Standard of Review

■■■■ {13} "The State is aggrieved by a disposition contrary to law and may properly challenge such a disposition on appeal." *In re Christobal V.*, 2002–NMCA–077, ¶ 8, 132 N.M. 474, 50 P.3d 569. We review the interpretation and application of the law by the children's court de novo. *Id.* ¶ 9; *see In re Michael L.*, 2002–NMCA–076, ¶ 7, 132 N.M. 479, 50 P.3d 574 ("We review construction of children's court rules and statutes de novo.").

### B. Jurisdiction

{14} The State argues that the children's court did not have jurisdiction to rule on Child's motion to reconsider the disposition because the motion was filed more than thirty days after the original judgment and disposition was filed, contrary to Rule 10–230.1. According to Rule 10–230.1(B)(1), a motion to reconsider the disposition may be filed by the respondent in a delinquency proceeding, in which the initial commitment period is two years or less, within thirty days after the

judgment is filed. The State argues that the thirty-day time limit prescribed by the rule is jurisdictional and that the children's court was therefore without authority to entertain Child's motion that was filed three days after the expiration of the thirty-day period. *See In re Christobal V.*, 2002–NMCA–077, ¶ 16, 132 N.M. 474, 50 P.3d 569 (referring to the thirty- and ninety-day time limits in Rule 10–230.1(B) as jurisdictional in nature); *cf. Hayes v. State*, 106 N.M. 806, 808, 751 P.2d 186, 188 (1988) (holding that the time requirement for filing a motion to modify sentence under Rule 5–801 NMRA is jurisdictional, although the trial court had discretion to hear and decide a timely filed motion after the expiration of the time limit); *State v. Lucero*, 2001–NMSC–024, ¶¶ 9–10, 130 N.M. 676, 30 P.3d 365 (concluding that ten-day time limit for filing a motion for new trial under Rule 5–614(C) NMRA is jurisdictional, and therefore, the trial court was without authority to rule on the defendant's untimely motion).

{15} The State argues that this Court's decision in *In re Zac McV.*, 1998–NMCA–114, 125 N.M. 583, 964 P.2d 144, is directly on point and thus controlling. In that case, the children's court entered a judgment and disposition, finding the child to be in need of care and rehabilitation, transferring his custody to CYFD, and ordering his commitment to the New Mexico Boys' School for an indeterminate period not to exceed two years. *Id.* ¶ 3. Several months later, the child filed a motion to reconsider the commitment, alleging mistreatment at the facility where he had been placed. *Id.* ¶¶ 3–4. The children's court denied the motion, concluding that it had no jurisdiction to reconsider the disposition because the child's motion was filed outside the thirty-day period prescribed by statute. *Id.* ¶ 4.

{16} On appeal, this Court affirmed, holding that the child's failure to timely file his motion to reconsider deprived the children's court of jurisdiction to modify his commitment. *Id.* ¶ 17. In so deciding, this Court analyzed the framework and substance of NMSA 1978, § 32A–2–23 (1995, prior to 2003 and 2005 amendments), governing the modification, termination, and extension of disposi-

tions in delinquency proceedings. This Court observed that Section 32A–2–23(A) set forth the general rule that "the children's court loses jurisdiction when it transfers custody of the child" to the responsible agency. *In re Zac McV.*, 1998–NMCA–114, ¶ 12, 125 N.M. 583, 964 P.2d 144. It further explained that Section 32A–2–23(F) and Section 32A–2–23(G) represented "exceptions to the general rule spelled out in Section 32A–2–23(A)" and "permit[ted] the children's court to exercise jurisdiction after the transfer of custody to the CYFD in specific situations." *In re Zac McV.*, 1998–NMCA–114, ¶ 12, 125 N.M. 583, 964 P.2d 144. This Court then concluded that Section 32A–2–23(F), which specified no limitation period, applied to motions to reconsider initiated by the court or CYFD, while Section 32A–2–23(G) which imposed a thirty-day time limitation, related to motions to reconsider filed by the child. *In re ZacMcV.*, 1998–NMCA–114, ¶ 14, 125 N.M. 583, 964 P.2d 144; see *In re Michael L.*, 2002–NMCA–076, ¶ 7, 132 N.M. 479, 50 P.3d 574; *In re Christobal V.*, 2002–NMCA–077, ¶ 14, 132 N.M. 474, 50 P.3d 569. Because the motion to reconsider in *In re Zac McV.* was initiated by the child, this Court determined that the child was bound by the thirty-day filing requirement of Section 32A–2–23(G). *In re Zac McV.*, 1998–NMCA–114, ¶¶ 13, 17, 125 N.M. 583, 964 P.2d 144.

{17} Because we determine that the motion to reconsider in this case was invited by the children's court, we do not agree that *In re Zac McV.* controls our disposition. As discussed above, that case did not involve a court-invited motion to reconsider, which was formerly governed by Section 32A–2–23(F), and is now governed by NMSA 1978, § 32A–2–23(G) (2005), following amendments to the statute. See *State v. Steven B.*, 2004–NMCA–086, ¶ 11, 136 N.M. 111, 94 P.3d 854 (noting that "we review the version of the Code in effect during the course of children's proceedings"). According to Section 32A–2–23(G), "[t]he court may terminate a judgment if it finds that the child is no longer in need of care, supervision or rehabilitation or it may enter a judgment extending or modifying the original judgment if it finds that action necessary to safeguard the child or the public interest." Section 32A–2–23(G), in contrast to Section 32A–2–23(H), contains no express time limit for bringing a motion to reconsider initiated or invited by the court.

{18} Because this case involves a court-invited motion to reconsider, we find *In re Michael L.*, 2002–NMCA–076, 132 N.M. 479, 50 P.3d 574, to be more directly on point and thus applicable. In that case, the children's court revoked the child's probation and entered a judgment and disposition transferring child to the custody of CYFD for a period not to exceed two years. *Id.* ¶ 3. At the disposition hearing, the children's court advised the child that it would reconsider his disposition if three conditions were met: (1) if his parents participated in therapy; (2) if he were accepted into a structured program of intensive supervision; and (3) if he performed well in custody. *Id.* The court's invitation to reconsider the disposition, including the conditions necessary for reconsideration, were expressly incorporated into the judgment. *Id.* Although the child filed his motion to reconsider within thirty days after the disposition was ordered, the court did not decide the motion until 146 days after the motion was filed. *Id.* ¶¶ 3, 12.

{19} The State argued on appeal that the children's court lost jurisdiction to decide the child's motion to reconsider because it was deemed denied ninety days after it was filed according to Rule 10–230.1(B) then in effect. *In re Michael L.*, 2002–NMCA–076, ¶ 4, 132 N.M. 479, 50 P.3d 574. We disagreed, determining that the ninety-day time limit of Rule 10–230.1(B) did not apply to motions initiated or invited by the children's court. *In re Michael L.*, 2002–NMCA–076, ¶¶ 4, 6, 132 N.M. 479, 50 P.3d 574. First, we looked to the plain language of Rule 10–230.1 and observed as follows:

Subsection (A) gives the children's court the power to correct dispositions; Subsection (B) governs motions to modify or reconsider a judgment filed by the respondent. In these cases, the respondent is the child. Rule 10–230.1(B) makes no reference to motions filed by the State or to court invited-motions allowed under [former] Section 32A–2–23(F). If the rule is unambiguous, we give effect to its language and refrain from further interpreta-

tion. Based on the explicit language of Rule 10–230.1(B), the ninety-day limitation period applies only to child-initiated motions.

*In re Michael L.*, 2002–NMCA–076, ¶ 9, 132 N.M. 479, 50 P.3d 574 (internal citation and emphasis omitted). Second, construing Rule 10–230.1 in light of the stated purpose of the Children's Court Rules, *see* Rule 10–101(B) NMRA, we noted that "[a] child has a due process right to rely upon 'fairness in administration.'" *In re Michael L.*, 2002–NMCA–076, ¶ 10, 132 N.M. 479, 50 P.3d 574 (citation omitted). Thus, we explained as follows:

> Whenever the children's court invites reconsideration setting out the conditions that must be met, the child is entitled to and believes that, if the conditions are met, reconsideration will occur. Child-initiated motions, on the other hand, create no special expectation that the disposition will be modified. Consequently, we hold that the ninety-day time limitation set out in Rule 10–230.1(B) is intended to apply only to child-initiated motions, as the language of the Rule indicates.

*In re Michael L.*, 2002–NMCA–076, ¶ 10, 132 N.M. 479, 50 P.3d 574; *see State v. Carlos A.*, 1996–NMCA–082, ¶ 15, 122 N.M. 241, 923 P.2d 608 ("Although the children's court may not retain jurisdiction indefinitely, not every arguable violation of the statutory scheme by a children's court will result in lack of jurisdiction. [The child] was entitled to rely on the possibility of modification if he abided by the conditions set by the children's court." (citations omitted)); *cf. State v. Eric M.*, 1996–NMSC–056, ¶ 10, 122 N.M. 436, 925 P.2d 1198 (observing that while a rule of procedure for the children's court "serves the important purpose of promoting the efficient functioning of the juvenile courts, this purpose cannot infringe on a constitutionally protected right").

{20} We determine that this Court's rationale in *In re Michael L.* applies with equal force to the question presented in this case. Initially, we note that the State's argument in this case is virtually identical to the jurisdictional argument made by it in *In re Michael L.*, 2002–NMCA–076, ¶ 4, 132 N.M. 479, 50 P.3d 574. Although the State attempts to distinguish *In re Michael L.* on several factual grounds, we find those distinctions unavailing.

{21} First, the State points out that, in *In re Michael L.*, there was no question that the child filed a timely motion to reconsider, whereas in this case the motion to reconsider was filed by Child beyond the thirty-day period set out in Rule 10–230.1(B)(1). Thus, "*Michael L.* involved the deadline for deciding a motion rather than the deadline for filing a motion." According to the State, this distinction is critical because our courts have recognized that while the time limit for filing a motion to reconsider a sentence is jurisdictional and therefore absolute, the court has the power and discretion to hear and decide a timely filed motion to reconsider beyond the jurisdictional time limit provided in the rules. *See, e.g., Hayes*, 106 N.M. at 808, 751 P.2d at 188.

{22} The State's argument, however, ignores the essential holding of *In re Michael L.*, which is that Rule 10–230.1(B) applies only to child-initiated motions and does not apply to motions invited by the court or the State, which are currently governed by Section 32A–2–23(G), containing no specific limitation period. *See In re Michael L.*, 2002–NMCA–076, ¶¶ 9, 10, 132 N.M. 479, 50 P.3d 574. Although it is true that *In re Michael L.* concerned only the effect of the ninety-day time limit for deciding a motion to reconsider disposition, it necessarily follows from our holding in that case that the rule's thirty-day time limit for filing a motion to reconsider also applies to only child-initiated motions and thus has no effect on court-invited motions, such as the one in this case.

{23} Nonetheless, we acknowledge that we made the following statement in *In re Michael L.*: "Motions initiated by the children's court or the State remain under the control of the children's court for 'thirty days after entry, or for such further time as may be necessary to enable the court to rule on a motion *filed during those thirty days.*'" *Id.* ¶ 10 (quoting *In re ZacMcV.*, 1998–NMCA–114, ¶ 16, 125 N.M. 583, 964 P.2d 144) (emphasis added). However, because we were not confronted with, and thus did not determine, the effect of the thirty-day time period for filing a motion to reconsider disposition in

that case, the statement is dictum and thus does not provide authority for the question we are considering in this opinion. *See Fernandez v. Farmers Ins. Co. of Ariz.*, 115 N.M. 622, 627, 857 P.2d 22, 27 (1993) (asserting that "cases are not authority for propositions not considered" (internal quotation marks and citation omitted)). We also note that the statement quotes language from our opinion in *In re Zac McV.*, which, as we discussed above, is not determinative of this appeal.

{24} In addition, contrary to the State's argument on appeal, the thirty-day time limit set forth in Rule 10–230.1(B) is not absolute or unconditional. The State's position fails to recognize that the thirty-day period for filing a motion to reconsider under Rule 10–230.1(B) may be enlarged "upon motion made after the expiration of the specified period" if "the failure to act was the result of excusable neglect." Rule 10–106(B)(2) NMRA; *see In re Christobal V.*, 2002–NMCA–077, ¶ 17, 132 N.M. 474, 50 P.3d 569. In this case, after the thirty-day period in question expired, Child filed a motion to accept his motion to reconsider as timely filed. However, at the hearing on the motion, counsel explained that there was no excusable neglect in this case, only reasonable and diligent efforts by counsel to ascertain placement and treatment information relevant to the children's court invitation for reconsideration. Under these circumstances, we believe it was reasonable for Child to file his court-invited motion three days after the thirty-day period in Rule 10–230.1(B)(1) expired. *See In re Michael L.*, 2002–NMCA–076, ¶¶ 11, 12, 132 N.M. 479, 50 P.3d 574 (discussing that while the ninety-day time limit of Rule 10–230.1 does not apply to court-invited motions to reconsider, "the period of time allowed to determine a court-invited motion turns on the specific facts of a case, and a determination of reasonableness").

{25} Second, the State attempts to distinguish *In re Michael L.* on the following basis: in that case, the children's court explicitly set out the conditions for reconsideration in its original order, whereas in this case, the initial judgment made no reference to the court's invitation to reconsider the disposition. *In re Michael L.*, 2002–NMCA–076, ¶¶ 3, 8, 132 N.M. 479, 50 P.3d 574.

Certainly, we recognize that the better practice would have been for the children's court to memorialize its invitation to reconsider in the original judgment. *See id.; cf. Carlos A.*, 1996–NMCA–082, ¶ 6, 122 N.M. 241, 923 P.2d 608 (acknowledging that "the better practice is to file a written motion so that there can be no dispute regarding the making of a motion"). However, the failure of the children's court to do so was not fatal in this case because it is plain from the record what the children's court intended and what the parties understood: that Child was invited to file a motion to reconsider if he was not receiving the recommended treatment during his commitment so that if an alternative placement became available, the disposition could be modified to more effectively address his rehabilitative and treatment needs.

{26} In this case, the original judgment and disposition expressly included the court's recommendation "that the Child receive any residential treatment deemed appropriate." The children's court expressed its opinion throughout the proceedings that Child was in need of structured, intensive long-term substance abuse treatment, and that it wanted Child to obtain this treatment, consistent with the recommendation of the fifteen-day diagnostic evaluation. Concerned that a two-year commitment would not fully address Child's rehabilitative needs, but convinced that it had no choice but to order a commitment because of placement limitations, the children's court orally invited Child to file a motion to reconsider if some other placement became available that could better suit his long-term treatment needs. Implicit in this invitation was the understanding that Child should file a motion to reconsider if he was not receiving appropriate treatment during his commitment. This is what Child understood, as evidenced by his motion, and what the court's verbal comments affirmed at the hearing on the parties' subsequent motions. *See Lopez v. LeMaster*, 2003–NMSC–003, ¶ 31, 133 N.M. 59, 61 P.3d 185 (explaining that, in the absence of express findings by the trial court, we look to the court's oral remarks and interpret them liberally to uphold the order); *Jeantete v. Jeantete*, 111 N.M. 417, 419, 806 P.2d 66, 68 (Ct.App.1990) ("On appeal, the reviewing court may consider the trial court's verbal comments in order

to clarify or discern the basis for the order or action of the court below."). Thus, because there can be no dispute in this case that Child's motion to reconsider was invited by the children's court, we hold that this case falls squarely within the exception for court-invited motions recognized by *In re Michael L.*

{27} Third, the State argues that *In re Michael L.* is further distinguishable because the conditions for reconsideration in that case were exclusively within the control of the child, whereas in this case the children's court was "micro-managing" Child's placement and treatment after custody had been transferred to CYFD. We disagree. We observe that one of the conditions in *In re Michael L.* was that child get "accepted into a structured program such as Juvenile Intensive Probation Supervision Program[.]" *In re Michael L.*, 2002–NMCA–076, ¶ 3, 132 N.M. 479, 50 P.3d 574. In this case, the children's court was trying to ensure that if a more effective treatment alternative became available, the alternative could be considered. The children's court could have viewed its commitment as expressly intended to be a temporary one, in light of the existing circumstances, lasting only until a structured program that would work along with probation could be found. This is not a case of the children's court wanting to commit Child to CYFD and then micro-manage CYFD's treatment of Child there. In any event, we believe that the children's court actions in securing the recommended treatment for Child furthered the rehabilitative purpose of the Children's Code. *See State ex rel. CYFD v. Paul G.*, 2006–NMCA–038, ¶ 21, 139 N.M. 258, 131 P.3d 108 (explaining that the legislature has provided "specified mechanisms to allow flexibility in order to accomplish the rehabilitative purposes of the [Children's] Code" (internal quotation marks and citation omitted)); *In re Ruben D.*, 2001–NMCA–006, ¶¶ 10, 11, 130 N.M. 110, 18 P.3d 1063 (discussing that the Children's Code envisions "a flexible, indeterminate commitment process" that allows "the court to tailor a disposition to the specific needs of a child").

{28} Next, the State contends that it would be unreasonable not to apply Rule 10–230.1(B)(1) to this case when the Child's motion itself expressly states that it is brought pursuant to the rule, and the children's court referred to the rule in its judgment reconsidering Child's disposition. However, we reject this reasoning because it elevates form over substance and ignores the clear purpose of Child's motion and intention of the children's court to reconsider Child's disposition if he was not receiving the appropriate treatment. *See Century Bank v. Hymans*, 120 N.M. 684, 689, 905 P.2d 722, 727 (Ct.App. 1995) ("The movant need not cite the provision authorizing the motion; the substance of the motion, not its title, controls."); *cf. Martinez v. Friede*, 2004–NMSC–006, ¶ 27, 135 N.M. 171, 86 P.3d 596 ("The substance of the order controls, not its title or form."); *State v. Talamante*, 2003–NMCA–135, ¶ 10, 134 N.M. 539, 80 P.3d 476 (noting that New Mexico courts look past the form to the substance when considering the effects of a dismissal).

{29} In short, applying the rationale of *In re Michael L.*, we conclude that the thirty-day time limit of Rule 10–230.1(B)(1) does not apply to court-invited motions to reconsider, such as the motion brought in this case. As such, the children's court was permitted to alter Child's placement when the factors outlined by the court came into being. *See In re Michael L.*, 2002–NMCA–076, ¶ 10, 132 N.M. 479, 50 P.3d 574. Because the children's court retained jurisdiction to reconsider Child's disposition under Section 32A–2–23(G), we need not address the State's argument, pursuant to *State v. Smallwood*, 2007–NMSC–005, ¶ 6, 141 N.M. 178, 152 P.3d 821, that the children's court impermissibly expanded its jurisdiction beyond what has been conferred by statute or rule.

## C. Authority to Modify Placement

{30} Finally, the State argues that even if this Court concludes that the children's court had jurisdiction to decide Child's motion to reconsider, it should determine that the court abused its discretion in modifying Child's placement after custody of Child had already been transferred to CYFD pursuant to the original disposition. In support of this argument, the State points to Section 32A–2–23(A), which provides the following: "A judgment transferring legal custody of an adjudicated delinquent child to an agency responsible for the care and rehabili-

tation of delinquent children divests the court of jurisdiction at the time of transfer of custody, unless the transfer of legal custody is for a commitment not exceeding fifteen days[.]" The State also refers to NMSA 1978, § 32A–2–19(B)(1) (2005), which provides that once custody has been transferred to CYFD, it "shall thereafter determine the appropriate placement, supervision and rehabilitation program for the child."

{31} However, as we discussed above, Section 32A–2–23(A) merely sets forth the general rule that the children's court loses jurisdiction when it transfers custody of Child to CYFD. *See In re Zac McV.*, 1998–NMCA–114, ¶ 12, 125 N.M. 583, 964 P.2d 144. Under other provisions of Section 32A–2–23, the children's court may modify a child's disposition after transfer of custody to CYFD, such as when the court invites reconsideration of the child's disposition and finds modification "necessary to safeguard the child or the public interest." Section 32A–2–23(G); *see In re Zac McV.*, 1998–NMCA–114, ¶¶ 12–14, 125 N.M. 583, 964 P.2d 144. We find this reading of the statute consistent with the legislative goals and purposes of the Children's Code. *See Paul G.*, 2006–NMCA–038, ¶ 15, 139 N.M. 258, 131 P.3d 108 ("In construing the Code, we examine it in its entirety, reading each part to achieve a harmonious result." (internal quotation marks and citation omitted)); *In re Zac McV.*, 1998–NMCA–114, ¶ 10, 125 N.M. 583, 964 P.2d 144 (construing the Code as a whole in view of its legislative purpose). Thus, we conclude that the children's court had authority to modify Child's placement after custody was transferred to CYFD and that no abuse of discretion occurred in this case.

## III. CONCLUSION

{32} For the foregoing reasons, we affirm the judgment of the children's court modifying Child's disposition.

{33} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and MICHAEL E. VIGIL, Judges.