The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: **October 17, 2022**

**No. A-1-CA-39311**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**JASON EVANS a/k/a**
**JASON EDWARD EVANS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Curtis R. Gurley, District Judge**

Hector H. Balderas, Attorney General
Emily Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
William O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**BOGARDUS, Judge.**

{1}    In this case, we are asked to consider whether a preliminary hearing is required in a case in which Defendant Jason Evans is charged only with misdemeanors. The State's appeal arises from the district court's order dismissing six misdemeanor charges filed against Defendant. The State argues that the district court erred when (1) it interpreted Rule 5-201(C) NMRA, which governs charges by criminal information to require a preliminary hearing when a defendant's charges are limited to misdemeanors; and (2) it relied on the State's erroneous statement that "Defendant waived preliminary hearing" as an alternative reason for dismissal. We reverse and remand.

**BACKGROUND**

{2}    The State initially filed a criminal complaint in magistrate court charging Defendant with six misdemeanors. After the magistrate court denied the State's motion for continuance, the State voluntarily dismissed the complaint because the testifying officers were unavailable. Three days later, the State refiled the case in district court by criminal information, charging Defendant with the same misdemeanors and erroneously stating that "Defendant waived preliminary hearing."

{3} Thereafter, Defendant filed a motion to dismiss the criminal information arguing that Rule 5-201(C) "contemplates the filing of a [c]riminal [i]nformation only after a preliminary hearing or waiver thereof [and n]either of these events occurred." The State opposed the motion, arguing that Defendant had "no right to a preliminary hearing on misdemeanor charges."

{4} The district court agreed with Defendant and dismissed the criminal information. The district court interpreted Rule 5-201(C) to require a preliminary hearing or a waiver of the hearing before an information is filed in the district court. Additionally, the court cited the State's "clear factual misrepresentation" regarding waiver of the preliminary hearing as another reason to dismiss. The State appeals.

{5} We reserve discussion of additional facts relevant to Defendant's appeal where appropriate in our analysis.

**DISCUSSION**

**I. The District Court Erred in Interpreting Rule 5-201(C) to Require a Preliminary Hearing Be Held or Waived Before an Information Is Filed**

{6} The State argues that Defendant was not entitled to a preliminary hearing because he was charged only with misdemeanors and the district court's reliance on Rule 5-201 was in error because the rule does not contain a specific requirement for a preliminary hearing in such circumstances. Defendant argues that dismissal was proper to rectify the State's error in filing a criminal information instead of a criminal complaint, which does not require a preliminary hearing.

**{7}** The State's argument requires us to interpret the language of the rule, which is a question of law that we review de novo. *Allen v. LeMaster*, 2012-NMSC-001, ¶ 11, 267 P.3d 806. When construing procedural rules, we use the same rules of construction applicable to the interpretation of statutes. *See Walker v. Walton*, 2003-NMSC-014, ¶ 8, 133 N.M. 766, 70 P.3d 756. "We first look to the language of the rule." *In re Michael L.*, 2002-NMCA-076, ¶ 9, 132 N.M. 479, 50 P.3d 574. "If the rule is unambiguous, we give effect to its language and refrain from further interpretation." *Id.* If a rule is ambiguous, we consider its purpose in conjunction with other rules. *See In re Zac McV.*, 1998-NMCA-114, ¶ 10, 125 N.M. 583, 964 P.2d 144. We also seek guidance from the rule's language, history, and background. *Roark v. Farmers Grp., Inc.*, 2007-NMCA-074, ¶ 50, 142 N.M. 59, 162 P.3d 896.

**{8}** As an initial matter, a defendant's right to a preliminary hearing is limited to those instances when a person is charged with a "capital, felonious or infamous crime." N.M. Const. art. II, § 14. This court has interpreted our state constitution to conclude that "[a]n accused has no right to a preliminary hearing on a misdemeanor charge." *State v. Greyeyes*, 1987-NMCA-022, ¶ 15, 105 N.M. 549, 734 P.2d 789. Therefore, we next consider whether the language of Rule 5-201(C) expands the right to a preliminary hearing beyond our state constitution or if the rule simply prescribes deadlines for filing a criminal information if a preliminary hearing was otherwise required. We conclude it is the latter, and explain.

{9} The language of Rule 5-201(C) sets out the requirements for a criminal information, which are a "written statement, signed by the district attorney, containing the essential facts, common name of the offense, and, if applicable, a specific section number of the New Mexico Statutes which defines the offense." The rule is silent regarding whether a preliminary hearing must occur before the criminal information is filed. The absence of this specific requirement has been interpreted to allow the State to file an information before the preliminary hearing. *See State v. Bailey*, 1956-NMSC-123, ¶ 3, 62 N.M. 111, 305 P.2d 725 (holding that "[t]he court did not err in putting appellant to trial upon an information filed prior to the preliminary examination"); Rule 5-201 comm. cmt. ("Nothing . . . prohibits the prosecution from first filing the information.").

{10} Further, the rule states, "On completion of a preliminary examination or acceptance of a waiver thereof by the district court, an information shall be filed within thirty (30) days if a defendant is not in custody, and within ten (10) days if a defendant is in custody." Rule 5-201(C). Nothing in the rule creates a specific preliminary hearing requirement for criminal informations charging misdemeanors. Rather, the language prescribes deadlines for filing the information if a preliminary hearing has occurred. Thus, if the preliminary hearing has not been completed, or it is not required, or it has been waived, those deadlines do not apply. Such is the case when the prosecution holds the preliminary hearing after filing the criminal

information, as permitted by *Bailey*, or when a defendant does not have the constitutional right to a preliminary hearing, as in the present case.

{11}     Our conclusion is supported by our Supreme Court's rulings in *Bailey*, 1956-NMSC-123, and *State v. Nelson*, 1958-NMSC-018, 63 N.M. 428, 321 P.2d 202. In both cases a criminal information was filed before the preliminary hearing. *See Bailey*, 1956-NMSC-123, ¶ 3; *Nelson*, 1958-NMSC-018, ¶ 25. In each of these cases, our Supreme Court held that "[t]he [district] court did not err in putting appellant to trial upon an information filed prior to the preliminary examination." *Bailey*, 1956-NMSC-123, ¶ 3; *Nelson*, 1958-NMSC-018, ¶ 26 (same). If Rule 5-201(C) categorically required "a preliminary examination be held or waived *before* an information is filed," as the district court held, our Supreme Court would not have permitted the prosecution in *Bailey* and *Nelson* to hold the preliminary hearing *after* filing the information.[1] (Emphasis added.)

{12}     Our interpretation is further supported by the history and purpose of the preliminary hearing. The primary purpose of the preliminary hearing is to provide an opportunity for independent evaluation of the state's showing of probable cause. *State ex rel. Whitehead v. Vescovi-Dial*, 1997-NMCA-126, ¶ 5, 124 N.M. 375, 950

---

[1]In *Bailey* and *Nelson* a preliminary hearing was constitutionally required, either before or after the criminal information was filed, because the defendants had been charged with felonies. *See Bailey*, 1956-NMSC-123, ¶¶ 1, 3; *Nelson*, 1958-NMSC-018, ¶¶ 1, 25.

P.2d 818. The preliminary hearing "operates as a screening device to prevent hasty and unwise prosecutions and to save an innocent accused from the humiliation and anxiety of a public prosecution." *Id.* ¶ 6. "The preliminary hearing originally was instituted as a charge-screening process in response to delays in the grand jury indictment process." 4 Wayne R. LaFave et al., *Criminal Procedure* § 14.1(a) n.2 (4th ed. 2021). Because prosecutions by grand jury indictment were typically limited to felonies, the preliminary hearing was also limited to felonies. *Id.*

{13}   Construing the rule to require district courts to provide independent evaluation through preliminary hearings to misdemeanors charges would be contrary to the goal of expediting the screening process. Misdemeanor charges undergo screening by the court's issuance of arrest warrants or by judicial review of arrests pursuant to the misdemeanor arrest rule. *See id.*; *see also City of Santa Fe v. Martinez*, 2010-NMSC-033, ¶ 6, 148 N.M. 708, 242 P.3d 275 ("[A]n officer may only arrest without a warrant one guilty of a misdemeanor if committed in his presence." (internal quotation marks and citation omitted)). These independent screening processes are deliberately less demanding than those required for felonies because "misdemeanors do not threaten public safety to the level of felonies." *Martinez*, 2010-NMSC-033, ¶ 12 (explaining the basis for permitting warrantless misdemeanor arrests).

{14}   Although Defendant's argument is not developed and thus is not entirely clear, to the extent that Defendant argues that the State's error was in filing a criminal

information in this instance, rather than a criminal complaint, we disagree. Rule 5-201(A) authorizes the State to initiate prosecution by filing a complaint, information, or an indictment. Thus, we find no error in the the State's choice of filing an information.

{15}     Based on our review of relevant authority and the rule's language and purpose, we conclude that Rule 5-201(C) prescribes filing deadlines in the event that a preliminary hearing has been completed or waived prior to filing; it does not require a prior preliminary hearing for every instance, as in this case, in which Defendant was charged only with misdemeanors. Accordingly, the district court erred by requiring a preliminary hearing.

**II.     The District Court Erred in Dismissing the Complaint Based on the State's Erroneous Statement That Defendant Waived Preliminary Hearing**

{16}     Defendant contends that pursuant to *State v. Le Mier*, 2017-NMSC-017, 394 P.3d 395, and *State v. Harper*, 2011-NMSC-044, 150 N.M. 745, 266 P.3d 25, he suffered prejudice, and therefore dismissal was appropriate to rectify the State's error. The only argument Defendant makes in support of his claim of prejudice is that courts "examine charging documents to determine the culpability of defendants." Defendant fails to explain how the State's error in the charging document prejudiced him—especially since the district court did not rely on it and instead dismissed the charges—thus, Defendant's claim of prejudice is without

merit. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."); *see also State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (observing that appellate courts are under no obligation to review unclear or undeveloped arguments).

**CONCLUSION**

{17}    For the foregoing reasons, we reverse and remand.

{18}    **IT IS SO ORDERED.**


                        _____

                        **KRISTINA BOGARDUS, Judge**

**WE CONCUR:**


_____

**JACQUELINE R. MEDINA, Judge**


_____

**KATHERINE A. WRAY, Judge**