574 P.2d 288
**STATE of New Mexico, Plaintiff-Appellee,**

v.

**John DOE, Defendant-Appellant.**

**No. 3328.**

Court of Appeals of New Mexico.

Jan. 3, 1978.

William D. Teel, Acting Chief Public Defender, Reginald J. Storment, Appellate Defender, Santa Fe, Bruce A. Kelly, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Is a preliminary inquiry required in probation revocation proceedings under the Children's Code? No.

After committing a delinquent act, larceny, and after having been found to be in need of care or rehabilitation, the child was adjudged to be a delinquent child and placed on probation. This judgment was entered January 4, 1977.

In September, 1977, the petition to revoke probation was filed. This petition alleged that the child violated the terms of his probation by committing another larceny. The Children's Court found the child had committed the delinquent act alleged as

a probation violation and ordered the child to the New Mexico Boys School under a full term commitment. The child appealed.

The docketing statement raised two issues. One issue involved the preliminary inquiry. The second issue involved the sufficiency of the evidence to support a finding that the child committed the larceny which was a probation violation. Our calendar assignment proposed summary affirmance on both issues. The child's memorandum does not oppose summary affirmance of the evidence issue; it does oppose summary affirmance of the issue involving the preliminary inquiry.

Prior to the adjudicatory hearing the child moved to dismiss the petition to revoke probation. The motion alleged that a preliminary inquiry was held and completed on August 17, 1977, and the petition to revoke probation was filed on September 22, 1977. Children's Court Rule 23(c)(1) provides that a "petition" is to be filed within 30 days after the preliminary inquiry is concluded. Because the petition in this case was not filed within such 30-day period, the child claimed the petition should have been dismissed. We calendared this issue for summary affirmance because Children's Court Rule 39(a) expressly provides that no preliminary inquiry is to be conducted in connection with proceedings to revoke probation. The child responded that Children's Court Rule 39(a) cannot be applied because it deprives the child of substantial rights accorded by the Children's Code. This response is based on a misreading of the applicable rules and statutes.

1. Children's Court Rule 23(a) requires probation services to complete a preliminary inquiry "[p]rior to the filing of a petition alleging delinquency or need of supervision". The time limits on filing "petitions" stated in Children's Court Rule 23(c) means petitions alleging delinquency or need of supervision. Under Children's Court Rule 39(a), a proceeding to revoke probation is to be conducted in the same manner as proceedings alleging delinquency or need of supervision; however, no preliminary inquiry is to be conducted. A petition to revoke probation is not a proceeding alleging delinquency; delinquency was established in the original proceeding which resulted in probation. A petition to revoke probation alleges a violation of the probation previously granted.

Children's Court Rule 23 does not apply to a petition to revoke probation; such petitions are governed by Children's Court Rule 39.

2. Section 13–14–14(A), N.M.S.A.1953 (Repl. Vol. 3, pt. 1) states that when there are complaints "alleging delinquency or need of supervision" probation services shall conduct a preliminary inquiry with regard to any action to be taken. Under § 13–14–14(A), supra, the preliminary inquiry is required in connection with the filing of original proceedings. Section 13–14–40, N.M.S.A.1953 (Repl. Vol. 3, pt. 1) states: "A proceeding to revoke probation or parole shall be begun by filing in the original proceeding a petition styled as a 'Petition to Revoke Probation' or 'Petition to Revoke Parole.'" The petition to revoke probation is a continuation of the original proceeding where a preliminary inquiry has already been held. Section 13–14–40, supra, is not to be construed to require a preliminary inquiry in revocation proceedings because the revocation proceeding is not a new proceeding, a preliminary inquiry was required prior to filing the original delinquency petition and there is no requirement of two preliminary inquiries in the same proceeding.

3. Defendant's contention that a preliminary inquiry is required in a probation revocation proceeding relies on § 13–14–40, supra, and the time requirements of Children's Court Rule 23(c). Neither supports the claim made. As pointed out above, Children's Court Rule 23 does not apply to a petition to revoke probation; § 13–14–40, supra, does not involve a new proceeding and does not require a preliminary inquiry in probation revocation proceedings.

4. Defendant asserts that a second preliminary inquiry was in fact held in this case and therefore the time requirements of Children's Court Rule 23(c) are applicable.

The answer is that Children's Court Rule 23(c) does not apply to probation revocation proceedings. A logical supposition is that the second preliminary inquiry was held to determine whether original proceedings should be instituted against the child on the basis of the second larceny, and that probation services decided to proceed by a petition to revoke probation rather than institute a new, original proceeding.

The judgment and commitment are affirmed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.