This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38119

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**DANIEL P.,**

     Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Victor E. Sanchez, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Child has appealed following the revocation of his probation. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Child has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** Child contends that the district court lacked jurisdiction to conduct the hearing on the State's petition, because it was not conducted within thirty days, as required by Rule 10-243(A) NMRA. [MIO 1-10]

**{3}**     As we previously observed in the notice of proposed summary disposition, there were two separate occurrences which triggered the State's petitions to revoke Child's probation.  First, Child tested positive for THC. [RP 52] This prompted the State to file a petition to revoke on December 13, 2018, and two weeks later, Child was taken into custody. [RP 52, 58-60] Then, on January 24, 2019, the State filed a second, "amended" petition, alleging that Child had violated standard condition number one by picking up new charges. [RP 63] In the course of a hearing the next day, the State orally dismissed the count originally presented in the first petition, and it obtained a February setting for the new count. [RP 66-67] Child then filed his motion to dismiss, contending that he had been in custody since December 27, 2018, and the State had failed to bring the matter to trial within thirty days, as required by Rule 10-243(A). [RP 68-73] The district court heard arguments on the motion in the course of the adjudicatory hearing on February 15, 2019. [RP 83] After due consideration the motion was denied, on grounds that the filing of the "amended" petition to revoke on January 24, 2019, dictated the adjudicatory deadline. [RP 84] Child subsequently filed a motion for reconsideration, [RP 97] which the district court denied on the grounds previously articulated. [RP 103]

**{4}**     Rule 10-243 requires adjudicatory hearings to commence within thirty days from the date the petition is served on the child or the date the child is placed in detention, "*whichever . . .occurs latest.*" (Emphasis added.) In this case, as previously mentioned Child was placed in detention on December 27, 2018. The amended petition was served on Child in the course of the hearing on January 25, 2019. [RP 84] Applying the plain language of the rule, that latter occurrence is the triggering event. *See id.* Accordingly, the February 15 adjudicatory hearing was conducted well in advance of the deadline.

**{5}**     In his memorandum in opposition Child continues to assert that the service of the amended petition should not be regarded as the operative event for purposes of calculating the Rule 10-243 deadline, in light of the filing of the prior petition. [DS 5; MIO 1-10] However, the State dismissed the initial petition; as such, it has no bearing. The rules make clear that, for purposes of calculating deadlines, each petition stands on its own.  *See* Rule 10-243(C) NMRA ("If more than one petition is pending, the time limits applicable to each petition shall be determined independently."); *cf.  State v. Jose S.*, 2005-NMCA-094, 138 N.M. 44, 116 P.3d 115 (recognizing that separate petitions are functionally distinct).  Accordingly, the deadline was properly determined based upon the filing of the second petition.

**{6}**     We understand Child to seek to avoid this result by focusing on the second petition's denomination as an "amended" petition. [MIO 6-10] In reliance upon Rule 10-211(E) NMRA, Child suggests that the document must be regarded as an amended pleading, as opposed to a separate petition, and as such, it was incumbent upon the State to obtain a continuance. [MIO6-7] However, Rule 12-211 is inapplicable to juvenile probation revocation proceedings.  *See  State v. Doe*, 1978-NMCA-001, ¶ 7, 91 N.M. 364, 574 P.2d 288 (explaining that former Children's Court Rule 23 (current Rule 10-211) does not apply to a petition to revoke probation).

**{7}** Moreover, Child's focus on the word "amended" in the title of the second petition to revoke is excessively technical. It is the substance of a pleading which controls. *See State v. Roybal*, 2006-NMCA-043, ¶ 17, 139 N.M. 341, 132 P.3d 598 (stating that "it is the substance of the [pleading], and not its form or label, that controls" the question of jurisdiction). In this case, the record before us reflects that both the State and the district court regarded the second petition, substantively, as a separate petition. This is determinative, for our purposes. *See, e.g.*, *State v. Dylan A.*, 2007-NMCA-114, ¶ 28, 142 N.M. 467, 166 P.3d 1121 (rejecting a similarly technical argument on grounds that it elevated form over substance and ignored the clear purpose of a second petition, and the district court's treatment of it).

**{8}** Child contends that the approach taken in this case leads to absurd and untenable results, insofar as it effectively permits the State to avoid the deadlines established in Rule 10-243 at any time, simply by filing an amended petition. [MIO 9-10] We disagree. As previously stated, in any given situation, it is the substance of the pleading that controls its effect. An amended filing which lacks meaningful distinguishing characteristics would not be properly treated as a separate petition, for purposes of Rule 10-243. In this case, however, the "amended" petition is substantively distinct from the first petition, and properly treated as a separate, subsequent petition, because it sets forth a distinct violation. As a result, the relevant deadline was properly calculated based upon the service of that petition.

**{9}** Finally, we understand Child to argue that the result we reach is unfair, because it permits the State to limit the scope of petitions to revoke, effectively withholding alleged violations to create the opportunity for successive filings, thereby extending deadlines. [MIO 8-10] We acknowledge that the potential for such gamesmanship may exist, given that the rules clearly accommodate the pendency of multiple petitions, *see* Rule 10-243(C), and given that "there are no specific mandatory time limits imposed by court rule or statute in New Mexico for instituting and prosecuting a probation revocation proceeding[.]" *State v. Leon*, 2013-NMCA-011, ¶ 40, 292 P.3d 493 (internal quotation marks and citation omitted). However, we are not persuaded that this theoretical possibility requires a different outcome in this case. *See generally State v. Rivera*, 2004-NMSC-001, ¶ 10, 134 N.M. 768, 82 P.3d 939 (explaining that courts must give effect to clear and unambiguous language); *In re Michael L.*, 2002-NMCA-076, ¶ 9, 132 N.M. 479, 50 P.3d 574 ("We apply the same rules to the construction of Supreme Court rules of procedure as we apply to statutes."); *Cf. State v. Trujillo*, 1994-NMSC-066, ¶ 12, 117 N.M. 769, 877 P.2d 575 (noting that appellate courts do not give advisory opinions on hypothetical issues).

**{10}** Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**{11}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**