2006-NMCA-038

131 P.3d 108

**STATE of NEW MEXICO, CHILDREN, YOUTH & FAMILIES DEPARTMENT, Plaintiff–Appellant,**

v.

**PAUL G., Child–Appellee.**

**Nos. 25,090, 25,321.**

Court of Appeals of New Mexico.

Feb. 6, 2006.

Corrected April 4, 2006.

Patricia A. Madrid, Attorney General, Arthur W. Pepin, Assistant Attorney General, Santa Fe, NM, for Appellant.

John Bigelow, Chief Public Defender, Santa Fe, NM, Meg Bailey, Assistant Appellate Defender, Albuquerque, NM, for Appellee.

## OPINION

BUSTAMANTE, Chief Judge.

{1} This case requires us to decide whether the Delinquency Act, NMSA 1978, §§ 32A–2–1 to –33 (1993, as amended through 2005) (the Act) authorizes the children's court, pursuant to a plea agreement, to commit a child who has been adjudicated delinquent to the legal custody of the Children Youth & Families Department (CYFD) for an indeterminate period up to the age of eighteen. Because we find no statutory authority for this disposition, we reverse and remand.

**BACKGROUND**

{2} A petition alleging that Paul G. (Child) committed a delinquent act and was in need of care or rehabilitation was filed in children's court on April 21, 2003. Child was charged with willful and deliberate murder and conspiracy to commit murder. At the time of his arraignment, Child was twelve years old. On November 13, 2003, Child entered into a plea agreement in which he pled no contest to aggravated battery and conspiracy to commit second-degree murder. There was no agreement as to disposition "except that sentence shall not run past Child's 18th birthday." After a hearing, the children's court accepted the plea and ordered a pre-disposition report to be prepared.

{3} At the dispositional hearing on December 16, 2003, the juvenile probation officer (JPO) recommended on behalf of CYFD that the children's court commit Child to CYFD until the age of eighteen. The JPO noted that Child lacked interest in treatment, had

refused to apologize to the victim's family, demonstrated suicidal and homicidal tendencies, and had dropped out of school after a series of behavioral problems. After stating that Child posed a risk to the community and himself, the JPO presented commitment to CYFD as a way for Child to receive 24-hour supervision and access to mental health and educational services. Also concerned about Child's lack of remorse, the children's court attorney recommended that Child be committed to the age of eighteen in order to protect the community. Child's attorney argued that Child should receive probation so that Child could continue treatment he had started a week earlier at an adolescent treatment facility or in the alternative the dispositional hearing should be continued. Based on Child's poor upbringing and lack of stability and supervision at home, the children's court found Child a significant danger to himself and to others. The children's court stated that it believed in treatment, but that it did not feel comfortable putting Child on probation. The children's court entered a disposition committing Child to the custody of CYFD until the age of eighteen, with a recommendation that CYFD seek treatment for Child at a secure juvenile treatment facility.

{4} After CYFD was unable to place Child at the recommended treatment facility, Child filed a motion seeking reconsideration of the disposition. At the hearing on Child's motion to reconsider, the JPO requested a hearing on behalf of CYFD regarding Child's commitment to the age of eighteen, noting for the first time that the disposition was not specified in the Children's Code, NMSA 1978, §§ 32A-1-1 to -23-8 (1993, as amended through 2005) (Code). After denying Child's motion, the children's court entered an amended judgment and disposition. In the amended judgment and disposition, the children's court declared Child a delinquent child instead of a youthful offender, excluded the recommendation that Child be placed at the treatment facility, and modified the language of the commitment from "an indeterminate period not exceeding 18 years of age" to read "an indeterminate period not exceeding up to the age of 18."

{5} On April 13, 2004, the children's court heard CYFD's motion to clarify the judgment and disposition. CYFD argued that the children's court only had statutory authority to enter a disposition committing Child to CYFD for one year, two years, or until the age of twenty-one because Child in this case had committed a youthful offender offense, and that it had no authority to commit Child to CYFD until age eighteen. In response, the children's court explained that the judgment and disposition was consistent with the plea agreement, and that under the Code the children's court only had jurisdiction until age eighteen because Child was not a youthful offender. After commenting that CYFD's motion was inappropriate, the children's court denied it. CYFD timely appealed.

**DISCUSSION**

{6} On appeal, CYFD argues that Child's commitment to the age of eighteen is unlawful and that the Delinquency Act only authorizes a commitment to age twenty-one in these circumstances. After first challenging CYFD's standing to appeal the judgment and disposition of the children's court, Child responds that the disposition is authorized by the Code. Thus, we address two issues: (1) CYFD's right to appeal a delinquency disposition, and (2) the dispositional authority of the children's court to commit a delinquent child to the custody of CYFD pursuant to a plea agreement.

**STANDARD OF REVIEW**

{7} The question whether the Delinquency Act authorizes Child's commitment to age eighteen is one of statutory construction which this Court reviews de novo. *See State v. Jose S.*, 2005-NMCA-094, ¶ 6, 138 N.M. 44, 116 P.3d 115, *cert. denied*, 2005-NMCERT-007, 138 N.M. 145, 117 P.3d 951. "The language of unambiguous provisions must be given effect without further interpretation. Only ambiguous provisions require us to delve into the legislative purpose behind the statute." *Id.* (citation omitted). "Although portions of the [Act] at issue in [this appeal] were subsequently amended, we review the version of the [statute] in effect during the course of [Child's] proceedings." *State v. Steven B.*, 2004-NMCA-086, ¶ 11,

136 N.M. 111, 94 P.3d 854 (citations omitted) (*cert. denied,* 2004–NMCERT–007, 136 N.M. 452, 99 P.3d 1164).

## STANDING

{8} As a preliminary matter, we address Child's claim that CYFD does not have standing to bring this appeal. Child asserts, based on Rule 10–108(A) NMRA, that the parties in a delinquency proceeding are the child and the State. Because CYFD, and not the children's court attorney who prosecuted the case below, appealed to this Court, Child argues that CYFD is not a party to the delinquency proceedings and otherwise lacks standing to appeal. We disagree.

{9} The Code provides that "[a]ny party may appeal from a judgment of the court to the court of appeals in the manner provided by law." Section 32A–1–17(A). Rule 10–108(A) provides that the parties in proceedings on petitions alleging delinquency "are the child alleged to be delinquent and the state." In Child's view, the entity referred to in the children's court rule as "the state" refers to the state as the prosecutor during the delinquency proceeding. Because CYFD did not file a motion to clarify the disposition until after the judgment was entered, Child assumes that CYFD was not a party and cannot appeal. Child further argues that CYFD has not otherwise demonstrated that it was aggrieved or prejudiced by the children's court decision.

{10} This case does not require us to determine whether the State, which was a party at the time judgment was entered, is a party different from CYFD. *See State v. Doe,* 90 N.M. 572, 574, 566 P.2d 121, 123 (Ct.App. 1977) (noting in a slightly different context that there was no need to determine whether the State was a party different from the Department of Corrections). Even if we assume that the State and CYFD are separate parties, the children's court rules permit intervention, with leave of the court, by the custodian of the child. *See* Rule 10–108(E)(2)(a). CYFD became the custodian of Child after the initial judgment was entered. As custodian, CYFD filed a motion to clarify the amended disposition it was responsible for implementing. The children's court agreed to hear the motion. Even though Child argues that CYFD did not make a formal application to intervene as custodian, in *Doe* we recognized that an agency acting as custodian became an intervening party by virtue of the district court's grant of its motion after the entry of judgment. 90 N.M. at 574, 566 P.2d at 123. Here intervention implicitly occurred when the children's court heard CYFD's motion to clarify the disposition without challenging CYFD's right to come before the court. *Cf. id.* (holding that, after judgments placed delinquent children in the custody of the department of corrections, intervention occurred when the children's court granted the department's motion for an extension of time for filing notices of appeal).

{11} Child points out that after the hearing on CYFD's motion to clarify the judgment, the children's court stated that CYFD's motion was inappropriate. This comment, Child argues, suggests that the children's court did not allow intervention by virtue of either the motion or the hearing. Child further argues that when the children's court denied the motion, it could have determined that CYFD lacked standing. We are not persuaded.

{12} Nothing in the record indicates that the children's court thought CYFD's motion to clarify the judgment was inappropriate because CYFD was not a proper party. Rather, at the hearing the children's court dismissed the motion as inappropriate after emphasizing that the disposition was consistent with the plea agreement and that it was the understanding of the parties that a commitment to age twenty-one would serve no purpose. Even though the children's court denied CYFD's motion, at no time did the children's court challenge CYFD's authority as a party to raise the issue. Nor did Child object to CYFD's motion on the basis that CYFD was not a party. Absent any indication from the hearing or in the children's court order to the contrary, the court implicitly allowed CYFD to intervene by filing the motion and hearing the matter. Because CYFD is not required to formally intervene if it wants to contest the disposition of a child committed to its custody, we hold that CYFD's motion to clarify the judgment and

disposition should be construed as an implicit motion to intervene.

■ {13} Moreover, it would have been inappropriate for the children's court to deny CYFD's motion on the basis that CYFD lacked standing. Appeals from judgments and dispositions on petitions alleging delinquency are governed by the rules of appellate procedure. Rule 10–230(C) NMRA. Generally, a party may appeal if it is an "aggrieved party," which "means a party whose interests are adversely affected." *In re Christobal V.*, 2002–NMCA–077, ¶ 8, 132 N.M. 474, 50 P.3d 569. In *State v. Doe*, this Court recognized that both "the State" and the agency to which an adjudicated delinquent is committed are aggrieved by a disposition contrary to law. 95 N.M. 90, 92, 619 P.2d 194, 196 (Ct.App.1980) (stating that the department of corrections, having been permitted to intervene, is aggrieved by a disposition contrary to law), *superseded on other grounds by statute*, NMSA 1978, § 32–1–3(P) (1992) (current version at § 32A–2–3(B)), *as recognized in State v. Michael R.*, 107 N.M. 794, 795, 765 P.2d 767, 768 (Ct.App.1988). Because we can see no reason why CYFD should be precluded from raising concerns about a disposition it is responsible for carrying out, we hold that CYFD is a proper party to this appeal.

## DISPOSITIONAL AUTHORITY

### PRESERVATION

{14} CYFD first challenged the authority of the children's court to commit Child to the legal custody of CYFD for an indeterminate period up to age eighteen in its motion to clarify the initial judgment and amended disposition. Thus, CYFD's appeal from the order affirming the disposition appears to be properly before this Court. *See* Rule 10–230.1(A) NMRA (providing that the children's court "may correct an unlawful disposition in a delinquency proceeding at any time").

### DELINQUENCY ACT

■ {15} The authority of the children's court to impose a commitment is statutory. *State v. Adam M.*, 2000–NMCA–049, ¶ 5, 129 N.M. 146, 2 P.3d 883. As a court of limited jurisdiction, the children's court "is only permitted to do what is specifically authorized" by the Code. *In re Angela R.*, 105 N.M. 133, 137, 729 P.2d 1387, 1391 (Ct.App.1986). In construing the Code, we examine it in its entirety, reading "each part to achieve a harmonious result." *Adam M.*, 2000–NMCA–049, ¶ 5, 129 N.M. 146, 2 P.3d 883 (internal quotation marks and citation omitted). "When possible, we give effect to the clear and unambiguous language of the Code." *Id.*

{16} According to Section 32A–2–19(B)(2) of the Act, the children's court has statutory authority to commit a child found to be delinquent to the custody of CYFD for:

> (a) a short-term commitment of one year;

> (b) a long-term commitment for no more than two years in a long-term facility for the care and rehabilitation of adjudicated delinquent children;

> (c) if the child is a delinquent offender who committed one of the criminal offenses set forth in Subsection I of Section 32A–2–3 NMSA 1978, a commitment to age twenty-one, unless sooner discharged; or

> (d) if the child is a youthful offender, a commitment to age twenty-one, unless sooner discharged.

*See Wong Sun v. United States*, 371 U.S. 471, 487–88, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); A "delinquent act" is an act by a child that would be a crime if committed by an adult. Section 32A–2–3(A). A "delinquent offender" is a "delinquent child" ("a child who has committed a delinquent act") who "is subject to juvenile sanctions only and who is not a youthful offender or a serious youthful offender." Section 32A–2–3(B), (C).

{17} Here, Child pled no contest to aggravated battery and conspiracy to commit second-degree murder. Aggravated battery is an act listed under Section 32A–2–3(I). *See* § 32A–2–19(B)(2)(c) (providing that if child is a delinquent offender who has committed one of the offenses enumerated in Section 32A–2–3(I), commitment to the age of twenty-one is authorized). Although Child was originally found to be a youthful offender, the judgment and disposition was later amended to

find that Child was a delinquent child. Because Child was twelve years old when he committed his acts, he does not qualify as a youthful offender or as a serious youthful offender and thus is subject only to juvenile sanctions as a delinquent offender. *See* § 32A–2–3(H), (I). However, contrary to the children's court's statement about its jurisdiction extending only until Child reaches the age of eighteen, the Code allows jurisdiction to extend until age twenty-one. *See State v. Adam M.*, 1998–NMCA–014, ¶ 4, 124 N.M. 505, 953 P.2d 40.

■ {18} On appeal, CYFD argues that Section 32A–2–19(B)(2) controls this disposition. Accordingly, CYFD contends that the only types of commitments available for Child include: "(a) a short-term commitment of one year; (b) a long-term commitment for no more than two years;" or (c) "a commitment to age twenty-one, unless sooner discharged." § 32A–2–19(B)(2)(a)–(c). Thus, the State maintains that commitment to the age of eighteen is not one of the commitment options statutorily authorized for an adjudicated delinquent offender such as Child.

{19} Child objects to the State's argument, arguing that the disposition was authorized by the Act. According to the plea agreement, the parties agreed that Child's sentence would not extend past his eighteenth birthday. Child argues that the disposition, which was consistent with the plea agreement, was not illegal. The plea agreement merely limited the court's ability to impose a disposition under Section 32A–2–19(B)(2)(c), which would otherwise subject Child to CYFD's custody to age twenty-one. Thus, in Child's view, the agreement was essentially a sentencing cap.

{20} We reject this argument. The language in Section 32A–2–19(B)(2) is not ambiguous. The statute specifies three possible dispositions: a short-term commitment of one year, a long-term commitment of no more than two years, or a commitment until age twenty-one, unless sooner discharged. *See* § 32A–2–19(B)(2)(a)–(c). Giving effect to the clear language of the Act, we conclude that the statute does not authorize the children's court to impose a disposition allowing a commitment less than to age twenty-one, unless it is a short-term commitment of one year or a long-term commitment of no more than two years. *See Adam M.*, 2000–NMCA–049, ¶ 6, 129 N.M. 146, 2 P.3d 883 (interpreting the statute as requiring commitment for an adjudicated delinquent offender to be either one year, two years, or until age twenty-one); *see also State v. Dennis F.*, 104 N.M. 619, 621, 725 P.2d 595, 597 (Ct.App.1986) (interpreting an earlier version of the Children's Code, which also provides for indeterminate commitment, and stating that a court may neither exceed the time authorized by the statute, nor commit a child "for a specified period less than the time authorized by statute"); *Doe*, 95 N.M. at 92–93, 619 P.2d at 196–97 (stating that "not more than one year" language in the previous version of the Code does not authorize the children's court to transfer custody to an agency for specified terms of less than one year because the sentencing is indeterminate and the parole board, not the court, determines the time of release).

{21} Moreover, far from allowing judicial discretion to fashion commitments of various lengths, the legislature provided specified mechanisms to allow flexibility in order "to accomplish the rehabilitative purposes of the Code." *See Adam M.*, 2000–NMCA–049, ¶ 9, 129 N.M. 146, 2 P.3d 883. Those mechanisms provide that a child must be released before the commitment expires if the purposes of commitment are met. *See* § 32A–2–23(F) (providing that "[t]he court may terminate a judgment if [a] child is no longer in need of care, supervision or rehabilitation or [the court] may [extend or modify] a judgment if … necessary to safeguard the child or the public interest"). In addition, the children's court may extend a long-term commitment "for additional periods of one year until the child reaches the age of twenty-one" upon a finding that it "is necessary to safeguard the welfare of the child or the public interest." Section 32A–2–23(D). As we concluded in *Adam M.*, "the children's court must exercise its discretion over a long-term commitment at the end of the commitment, after review-

ing a record of the child's performance while committed, instead of at the beginning when the court has less information before it." 2000–NMCA–049, ¶ 10, 129 N.M. 146, 2 P.3d 883. Because the Act expressly provides procedures for addressing delinquent children who are not rehabilitated during a long-term commitment of two years, the children's court was required to use those procedures. Under the statute, the children's court had no authority to impose an indeterminate initial commitment greater than two years and less than to age twenty-one.

## ABUSE AND NEGLECT ACT

{22} Child next argues that a commitment up to age eighteen is authorized by Section 32A–2–19(B)(1). At the time of the hearing, Section 32A–2–19(B)(1) provided that the court may enter a judgment making "any disposition that is authorized for the disposition of a neglected or abused child, in accordance with the Abuse and Neglect Act." See § 32A–2–19(B)(1) (2003) (prior to 2005 amendment).[1] Under the Abuse and Neglect Act, Sections 32A–4–1 to –33 "[i]f a child is found to be neglected or abused," the children's court may "place the child under protective supervision of [CYFD]." Section 32A–4–22(B)(2). Reading this subsection in conjunction with Section 32A–4–24(F), which provides that all neglect and abuse orders terminate when a child reaches eighteen years of age, Child urges us to conclude that the children's court has the authority to place Child under CYFD's protective supervision until the age of eighteen. Child also relies on Section 32A–4–22(F) to support his interpretation of the disposition options under the Abuse and Neglect Act. See § 32A–4–22(F) (providing that "[u]nless a child found to be neglected or abused is also found to be delinquent, the child shall not be confined in an institution established for the long-term care and rehabilitation of delinquent children"). Thus, Child argues that the Abuse and Neglect Act explicitly authorizes a disposition transferring custody of a delinquent child to CYFD until the age of eighteen for commit-

ment to an institution for long-term care and rehabilitation.

{23} While we note that the children's court did not expressly find Child to be neglected or abused, we reject Child's argument that the disposition of the children's court is consistent with putting child under protective supervision until the age of eighteen. A possible disposition under the Abuse and Neglect Act allows transferring legal custody of a child found to be delinquent and abused or neglected to an agency such as CYFD. See § 32A–4–22(B)(3)(b). While this disposition appears most relevant to Child's circumstances, it does not help Child. The Abuse and Neglect Act limits dispositional judgments "vesting legal custody of a child in an agency" to "an indeterminate period not exceeding two years from the date entered." Section 32A–4–24(A). Thus, even if we construe the proceedings as consistent with finding Child abused or neglected, the Abuse and Neglect Act provides no authority for committing Child for an indeterminate period beyond two years.

{24} Because we conclude the children's court was not authorized to commit Child for an indeterminate period of time up to the age of eighteen, we reverse the disposition of the children's court and remand for proceedings consistent with this opinion. See Dennis F., 104 N.M. at 621–22, 725 P.2d at 597–98 (stating that "an invalid sentence may be corrected by the imposition of a proper sentence" without violating the guarantee against double jeopardy). While we recognize that the parties agreed that Child's sentence would not extend beyond his eighteenth birthday, the children's court has no authority to enter a disposition not authorized by statute. See id. at 621, 725 P.2d at 597. Accordingly, Child may withdraw his plea and is entitled to a full adjudication on the merits. See Adam M., 1998–NMCA–014, ¶ 9, 124 N.M. 505, 953 P.2d 40 (noting that the right to adjudication cannot be given up without knowledge of the potential penalties). Alternatively, the district court may hold a hearing to determine whether the plea agreement

---

1. The 2005 amendment deleted this portion and added subsection G, which allows the court to make an abuse or neglect report. See § 32A–2–19(B) (2005).

can be reasonably interpreted to support a legal commitment under Section 32A–2–19(B)(2)(a) or (b), and whether the parties should be bound by such an interpretation.

## CONCLUSION

{25} For the reasons stated above, the judgment and disposition of the children's court is reversed. We remand to the children's court for further proceedings consistent with this opinion.

{26} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER and RODERICK T. KENNEDY, Judges.