This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40556**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**ROBERT CASSIDY,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clara Moran, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Van Snow, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** The State appeals the district court's order granting in part and denying in part Defendant Robert Cassidy's motion to exclude evidence under the Confrontation Clause. U.S. Const. amend VI. The State argues that the district court inappropriately excluded testimony by Dr. Hoy and sexual assault nurse examiner (SANE) Regan regarding information provided by deceased Victim under the Confrontation Clause because Victim's statements were non-testimonial. For the following reasons, we (1)

affirm the district court's exclusion of Dr. Hoy's testimony and (2) remand the case to the district court for full reconsideration of SANE Regan's testimony in light of our Supreme Court's analysis in *State v. Tsosie*, 2022-NMSC-017, 516 P.3d 1116.

## BACKGROUND

**{2}** Dr. Hoy testified that, on June 3, 2001, she was at her Nob Hill home when she heard cries for help coming from outside. When Dr. Hoy opened her front door she saw Victim hanging out of a vehicle's passenger seat crying for help. Victim escaped the car and ran into Dr. Hoy's house—the car drove away. Inside the house, Victim "blurted out" what had allegedly happened to her. Victim shared with Dr. Hoy that a man picked her up while she was withdrawing money from an ATM, drove her to a remote location near the airport, and sexually assaulted her. Dr. Hoy observed a deep bite mark on Victim's hand. Dr. Hoy called 911 and recounted Victim's story.

**{3}** While waiting for law enforcement to arrive, Victim shared with Dr. Hoy further details about the alleged incident. Dr. Hoy relayed the details to a 911 operator, but the recording of that call was not located. Once law enforcement arrived at Dr. Hoy's house, they drove Victim to St. Joseph's Hospital for a SANE exam performed by SANE Regan. SANE Regan completed the necessary forms and collected DNA evidence swabs.

**{4}** Approximately twenty years later, testing revealed that the DNA sample collected during the SANE exam matched Defendant's DNA standard. The State then charged Defendant with one count of kidnapping contrary to NMSA 1978, Section 30-4-1 (1995, amended 2003) and one count of criminal sexual penetration contrary to NMSA 1978, Section 30-9-11(D)(3) (1995, amended 2009). Victim, however, had died and was unavailable for trial and cross-examination. Defendant moved to exclude the statements made by Victim to Dr. Hoy and SANE Regan pursuant to the Confrontation Clause. The district court granted the motion in part and denied in part. The district court denied the exclusion of Victim's statements made to Dr. Hoy before the 911 call. Further, the district court excluded Victim's statement to Dr. Hoy after the 911 call and the information provided to SANE Regan, transcribed in the SANE examination forms. The State appeals.

## DISCUSSION

### I.    Dr. Hoy's Testimony

**{5}** The State argues that Dr. Hoy's testimony repeating the Victim's statements after the 911 call do not violate the Confrontation Clause because "the objective primary purpose of their entire interaction was to address an ongoing emergency and explain a highly-unusual situation." Defendant responds that the district court excluded the relevant statements for two separate reasons: they "were testimonial *and* did not fall under any hearsay exception." Consequently, Defendant continues, by not appealing the district court's decision to exclude the statements pursuant to the hearsay rule, the

State abandoned and waived the argument. *See State v. Correa*, 2009-NMSC-051, ¶ 31, 147 N.M. 291, 222 P.3d 1 ("On appeal, issues not briefed are considered abandoned, and we do not raise them on our own."). And "[t]herefore, whether the statements after the 911 call were non-testimonial is irrelevant because the statements after the 911 call were ruled as inadmissible hearsay." We agree with Defendant and explain.

**{6}** "[N]ontestimonial statements must still survive state and federal evidentiary considerations in order to be admissible at Defendant's trial." *Tsosie*, 2022-NMSC-017, ¶ 73. The State contends that the district court did not exclude the evidence pursuant to the hearsay rule; instead, the district court "erroneously conflated the confrontation and hearsay analysis." To support its contention, the State points to the title of the district court order, maintains that the district court's analysis focused on the Confrontation Clause, and asserts that the order's inclusion of the modifier "another" before the phrase "hearsay exception" demonstrates that the court confused the right to confront one's accuser as another hearsay exception. We are unconvinced.

**{7}** First, although the district court's order is titled "Order Granting in Part and Denying in Part Defendant's Motion to Exclude Testimonial Statements," we look at the substance of the order instead of its title or form to construe it. *See State v. Dylan A.*, 2007-NMCA-114, ¶ 28, 142 N.M. 467, 166 P.3d 1121 (demonstrating that the "substance of the order controls, not its title or form"). The order shows that the district court considered the hearsay issue in determining which evidence to admit. The order cites the present sense impression exception to the hearsay rule, Rule 11-803(1) NMRA, in the district court's decision to admit the statements made by Victim to Dr. Hoy before the 911 call. The State was afforded the opportunity to respond, and argued that it would be incorrect for the district court to "categorically exclude any and all statements made from the [V]ictim while the [V]ictim was attempting to free herself from being kidnapped and all excited utterances and present sense impression made immediately after she freed herself," and the State observed that because the statements did not "implicate the confrontation Clause," they were admissible, "subject to hearsay rules for unavailable declarants." Therefore, a ruling was fairly invoked from the district court. Rule 12-321(A).

**{8}** Next, the State fails to persuade us that the district court's focus on Confrontation Clause analysis demonstrates that the district court did not exclude the evidence pursuant to the hearsay rule. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 ("There is a presumption of correctness in the district court's rulings." (text only) (citation omitted)). The district court's order includes a clear determination that the excluded evidence "do[es] not fall under another hearsay exception, and [is] inadmissible at trial." The district court is not required to set forth the factual basis of its decision to exclude the evidence pursuant to the hearsay rule. *See State v. Gonzales*, 1999-NMCA-027, ¶ 11, 126 N.M. 742, 975 P.2d 355 ("No rule of criminal procedure requires the district court to set forth the factual basis of its decision."). Therefore, we decline to disregard the district court's hearsay determination as a conflation of Confrontation and hearsay issues.

**{9}** Further, concluding that the district court excluded the evidence pursuant to both the Confrontation Clause and the hearsay rule is consistent with the district court's previous ruling. In deciding that Victim's statements to Dr. Hoy before the 911 call were admissible, two sentences earlier, the district court concluded that they were "non-testimonial in nature and admissible under the present sense impression exception the rule against hearsay." The State fails to persuade us that the district court would use a different reasoning structure in analyzing similar issues in close proximity. The district court determined admissibility based on both the Confrontation Clause and hearsay, which explains the language "another hearsay exception." Such language does not demonstrate that the district court conflated the confrontation and hearsay analysis, as the State argues. Instead, the district court's conclusion that the post-911 call statements "do not fall under another hearsay exception" denotes that such statements do not meet the present sense impression exception that the district court discussed in admitting Victim's statements before the 911 call, nor do the statements meet any other hearsay exception.

**{10}** Accordingly, the district court excluded the relevant evidence pursuant to both the Confrontation Clause and the hearsay rule. By not appealing the hearsay determination, the State abandons and waives any challenge to the district court's exclusion based on hearsay. *Correa,* 2009-NMSC-051, ¶ 31. Because the relevant statements are excluded under the hearsay rule, we do not review whether the district court erred in its application of the Confrontation Clause. *See Tsosie,* 2022-NMSC-017, ¶ 73 (stating that "nontestimonial statements must still survive state and federal evidentiary considerations in order to be admissible at Defendant's trial").

## II.    SANE Regan's Testimony

**{11}** Without the benefit of *Tsosie* to guide its decision, the district court categorically excluded "all of the statements elicited from [Victim] by [SANE Regan]" pursuant to the Confrontation Clause.

**{12}** However, In *Tsosie* our Supreme Court clarified that in the confrontation context, "New Mexico district court must shoulder the heavy responsibility of sifting through statements, piece-by-piece, making individual decision on each one." *Id.* ¶ 54. As such, we must reverse the district court's determination and remand the case to the district court for reconsideration in light of *Tsosie.*

## CONCLUSION

**{13}** For the foregoing reasons, we affirm in part, reverse in part, and remand.

**{14}    IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**KATHERINE A. WRAY, Judge**